AO 248 (Rev. 08/20) ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 17CR3938-JLS |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| GILBERT CARRASCO | (COMPASSIONATE RELEASE) |

Upon motion of the defendant for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) (ECF No. 89), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS HEREBY ORDERED that the motion is DENIED after complete review of the motion on the merits.

FACTORS CONSIDERED:

Even if the Court were to conclude that Defendant's obesity, cirrhosis, hypertension, declining health, and prison conditions constitute extraordinary and compelling reasons sufficient to warrant relief under Section 3582(c)(1),[1] the Court finds that his risk of danger to the community and the factors set forth in 18 U.S.C. § 3553(a) preclude a favorable exercise of the Court's discretion.  Defendant has a long and well-documented criminal history, including burglary and crimes of violence, extending far into his adult life.  The drug trafficking conviction

---

[1] Although the Court makes no finding with respect to whether Defendant's medical condition weighed with the risk of the COVID-19 virus qualifies as a physical or medical condition that substantially diminishes Defendant's ability to provide self-care and from which he cannot be expected to recover, see USSG § 1B1.13, App. Note 1(A)(ii)(I), the Court notes that Defendant's current medical conditions appear to be appropriately managed by the Bureau of Prisons.

in this case occurred when Defendant was 51 years of age. Although the Court understands and does not dispute Defendant's position that his criminal history appears to be the result of addiction, this does not make Defendant's potential danger to the community any less significant. Defendant has served only 37 months of his 10-year sentence and has not yet been able to complete the RDAP program. Thus, the Court is not persuaded that his safety to the community can be assured or that early release is consistent with the goals of rehabilitation, respect for the law, just punishment, and avoidance of sentence disparities under 18 U.S.C. § 3553(a).

Accordingly, Defendant's Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1)(A)(i) is DENIED.

IT IS SO ORDERED.

Dated: December 11, 2020

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge